IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-60086 |
| NEUTRAL POSTURE, INC., | § | |
| | § | CHAPTER 11 PROCEEDING |
| Debtor | § | SUBCHAPTER V |

**DEBTOR'S EMERGENCY MOTION FOR AN ORDER (I) AUTHORIZING THE PAYMENT OF PRE-PETITION CLAIMS OF CRITICAL VENDORS; AND (II) ESTABLISHING A PROTOCOL FOR ADDING CRITICAL VENDORS**

EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 3, 2021, AT 10:30 A.M. (CENTRAL TIME) IN THE BANKRUPTCY COURTROOM 401, 515 RUSK, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.

IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM CODE. JUDGE LOPEZ'S CONFERENCE ROOM CODE IS 590153.

PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. VIDEO PARTICIPATION IS AVAILABLE VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION PRIOR TO THE HEARING. IF A BROWSER CONNECTION IS USED, CHROME IS GENERALLY RECOMMENDED. A MOBILE VERSION OF THE APPLICATION IS ALSO AVAILABLE. THE MEETING CODE IS "JudgeLopez". YOU MAY ALSO CONNECT DIRECTLY BY CLICKING THE LINK ON JUDGE LOPEZ'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE CHRISTOPHER M. LOPEZ:

Comes now the Debtor and Debtor-in-Possession (the "Debtor") in the above-captioned case (the "Case"), and hereby files this Emergency Motion for an Order (I) Authorizing the Payment of Pre-Petition Claims of Critical Vendors; and (II) Establishing a Protocol for Adding Critical Vendors; (the "Motion"). In support of the Motion, the Debtor respectfully represent as follows:

## JURISDICTION, VENUE AND BACKGROUND

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

2. On November 1, 2021 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under Chapter 11, Subchapter V of the Bankruptcy Code. The Debtor is authorized to continue to manage and operate its business as Debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. At the time of filing this Motion, a Subchapter V Trustee had not been appointed. The U.S. Trustee has not appointed an examiner.

3. Debtor is involved in the business of manufacturing of ergonomic chairs and related items for the office.

4. The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code.

## RELIEF REQUESTED

5. The Debtors seek authority to pay the pre-petition claims of certain Critical Vendors (as defined below). Additionally, the Debtor requests for the approval of a protocol for adding additional Critical Vendors should the need arise.

A. **The Critical Vendors**

6.      In the ordinary course of business, the Debtor engages with a limited number of providers for many of the critical materials and services that the Debtors depend on to continue their operations. Of particular importance are vendors that are irreplaceable due to their geography, the specialized nature of the goods or services they supply, their expertise within the services they provide, and the interruption and downtime that would result if the Debtor was required to change vendors. In addition, the Debtor has a network of independent sales persons who interface with customers and generate new customer orders. It is critical that these individuals who are part of the business going forward get paid for their results achieved. Absent payment, these sales representatives may shift their focus to a competitor product and otherwise inject negativity toward the Debtor in the marketplace.

7.      The Debtor obtains such materials and services from a limited number of specialized vendors, service providers, independent sales persons, and other businesses (collectively, the "Critical Vendors").[1] Although the Debtor has attempted to identify alternative vendors, it has been unable to find replacements that would not result in unacceptable delays in delivery, significantly higher costs, or both could potentially cause irreparable harm to its business, goodwill, employees, customer base, and market share. Such harm would likely far outweigh the cost of payment of the Critical Vendors' claims.

8.      At this time, the Debtor has identified Critical Vendors who together hold pre-petition claims of $554,592.12. There are approximately $129,000.00 of commissions owed to dealers and reps that have not been invoiced but are owed pre-petition and are Critical Vendors.

9.      The Debtor is confident that all of the pre-petition amounts that they seek to pay

---

[1] The Debtor is not filing a list of Critical Vendors but will circulate a list to United States Trustee, the Subchapter V Trustee, and counsel for Chase.

to the Critical Vendors are within the cash amounts authorized for use under the cash collateral motion.

### B. Protocol to Add Critical Vendors

10. Although the Debtor is optimistic that no additional vendors will require payment of pre-petition amounts, there is no guarantee. Because of the time-sensitive nature of these relationships, the Debtor believes that if such situation arises, they will not have time to ask the Court for approval of the designation of another Critical Vendor on normal notice.

11. The Debtor therefore seeks authority to designate additional Critical Vendors from time to time in their business judgment, subject to the following requirements:

(i) Payments to additional Critical Vendors are subject to two caps: a $50,000 cap on payment of pre-petition claims of any single additional critical vendor, and a $250,000 cap on aggregate payments of pre-petition claims of the additional Critical Vendors; and

(ii) All payments on pre-petition claims must otherwise fall within the budgeted amounts of cash collateral approved for use by separate order of the Court

## BASIS FOR RELIEF

### A. Paying the Pre-Petition Claims of Critical Vendors

12. Courts have recognized that it is appropriate to authorize the payment of pre-petition obligations where necessary to protect and preserve the estate, including an operating business's going- concern value. *See, e.g., In re CoServ, L.L.C.,* 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *see also In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."); *Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.),* 29 B.R. 391, 398 (S.D.N.Y.

1983).

13. Section 363(b) of the Bankruptcy Code permits a debtor, subject to court approval, to pay prepetition obligations where a sound business purpose exists for doing so. *See Ionosphere Clubs,* 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification). In addition, under section 1107(a) of the Bankruptcy Code, a debtor in possession is given the same rights and powers as a trustee appointed in a bankruptcy case, including the "implied duty of the debtor-in-possession to 'protect and preserve the estate, including an operating business' going-concern value.'" *See, e.g., In re CEI Roofing, Inc.,* 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *CoServ,* 273 B.R. 487, 497 (Bankr.N.D. Tex. 2002)).

14. No provision of the Bankruptcy Code expressly prohibits the post-petition payment of the prepetition claims. Indeed, the above referenced sections of the Bankruptcy Code authorize such payments when the payments are critical to preserving the going-concern value of the debtor's estate, as is the case here.

15. Courts in the Fifth Circuit regularly apply CoServ's three-part test to determine whether a pre-petition claim of a "critical vendor" may be paid on a post-petition basis:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's pre-petition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim
> 
> *CoServ, L.L.C.,* 273 B.R. at 498; *see also Mirant Corp.,* 296 B.R. at 429–30.

16. As explained above, the Critical Vendors provide vital services and materials that are integral to the Debtors' business. The Debtors would suffer considerable harm if it were forced to find replacements because alternative vendors would either cost much more or take too long to

transition to.

17. Accordingly, the requested relief is in the best interest of the Debtors' estates and their creditors because it will allow the Debtors to continue operating their business without interruption and the Debtors will not have to incur the costs to switching vendors or having to pay significantly more for the necessary services or materials.

18. Finally, the proposed protocol for adding Critical Vendors is justified in the event other vendors demand payment of pre-petition claims due to the time-sensitive nature of the business and the relationships with the vendors. The protocol includes important protections to prevent abuse by pre-petition creditors or harm to the estate in the form of caps of payments on pre-petition claims of $50000 for each Critical Vendor and $250,000 in the aggregate.

19. The Debtors respectfully request that they be authorized to serve a copy of the signed Interim Order, which fixes the time and date for the filing of objections, if any, by first-class mail on the Notice Parties (as defined below) and to any other party that has filed a request for notices with this Court and to any Official Committee and its counsel, if a committee is appointed. The Debtors respectfully request that the Court consider such notice of the Final Hearing to be sufficient notice under Bankruptcy Rule 4001.

## EMERGENCY CONSIDERATION

20. In accordance with Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion. In light of the circumstances of the case, and for the reasons stated above, the Debtors seek immediate interim relief.

## WAIVER OF RULE 6003 AND 6004

21. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Rule 6003 and Rule 6004, and the 14-day stay under Rule 6004(h).

## NOTICE

22. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Chase; (c) the holders of the 20 largest unsecured claims against the Debtors; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").

WHEREFORE, PREMISES CONSIDERED, the Debtors request that this Court enter an order pursuant to 11 U.S.C. § 363(c)(2)(B) authorizing the Debtor to pay critical vendors as described in this Motion, and to grant the Debtors such other and further relief as may be equitable and just.

Respectfully submitted on November 1, 2021.

**HOWLEY LAW PLLC**

/s/ *Eric B. Terry*
Tom A. Howley, State Bar No. 24010115
Eric B. Terry, State Bar No. 00794729
**HOWLEY LAW PLLC**
Pennzoil Place – South Tower
711 Louisiana Street Suite 1850
Houston, Texas 77002
Phone: 713-333-9125
Email: tom@howley-law.com
eric@howley-law.com
**PROPOSED COUNSEL FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served via the Court's ECF System and/or via U.S. First Class Mail, postage paid, on November 1, 2021, to the parties on the attached proposed limited service list and to all parties that have requested ECF notifications in this matter. Additionally, counsel for secured creditors JPMorgan Chase Bank and T2W, LLC have been noticed via email.

/s/ *Eric B. Terry*
Eric B. Terry